209 A.2d 700.

EDWARD L'HEUREUX *et ux vs.* DONALD J. ALLARD *et ux.*

MAY 6, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. This is an action of assumpsit in which the plaintiffs, hereinafter referred to as "the sellers," declare on the common counts. After decision for the plaintiffs in the district court of the sixth judicial district where the action was commenced, an appeal was taken to the superior court by the defendants, hereinafter referred to as "the purchasers." There, when the case was at issue upon its merits, the parties filed what they designated as an "Agreed Statement Of Facts" and the case was then certified by a justice of that court to this court for determination under G. L. 1956, §9-24-25.

It appears from the so-called agreed statement of facts that a written contract between the parties dated February 1961 for the purchase and sale of a parcel of real estate provided that "the taxes assessed for the year 1961 shall be paid by the purchasers * * *." The premises were thereafter, either on March 14, 1961 as indicated by the deed, or on May 14, 1961 as stated by them, conveyed by a warranty deed which recited that the conveyance was "Subject to taxes assessed December 31, 1960." At the closing when the deed was executed the purchasers, relying on that provision of their agreement relating to taxes which we have quoted, refused to pay to the sellers what the agreed statement refers to as "any portion of the real estate taxes assessed to said plaintiffs by reason of their ownership of the realty in the premises as of December 31, 1960." They state that the amount of that tax is $428.62 and they ask us to determine whether the purchasers are responsible to the sellers for such proportion thereof as their term of pos-

session during the year 1961 bears to the entire calendar year.

The differences between the parties arise because of the ambiguity which each now concedes inheres in that provision of the purchase and sales agreement which provides that the taxes assessed for the year 1961 shall be paid by the purchasers. Their difficulties come about because that language has no precise meaning. In this state real estate taxes are assessed by the various cities and towns not for a calendar year, but "as of the thirty-first day of December in each year at twelve o'clock noon * * *." G. L. 1956, §44-5-1.

In arguing before us as to the meaning to be ascribed to their ambiguous language the parties in substance ask us to determine what they intended when they agreed that "the taxes assessed for the year 1961 shall be paid by the purchasers * * *." The purchasers contended that the real estate taxes assessed as of December 31, 1960 should not be construed as being for the year 1961 whereas the sellers equated the two and argued that trade usage justifies a construction which requires that the tax assessed as of December 31, 1960 should be apportioned based upon the respective periods of occupancy or possession of the premises by the parties during the calendar year 1961.

It is obvious that the agreed statement of facts is deficient in that it does not include all the facts necessary and material to a determination of the basic issue between the parties. A detailed enumeration of those deficiencies is unnecessary. It is sufficient to observe that the parties have not agreed as to the existence of the trade custom upon which the sellers rely, and even on the assumption that there is in fact such a custom, they neglect to state the period of the purchasers' occupancy or possession during the year 1961 without which information an apportionment in accordance with any such trade usage would be impossible of ascertainment.

The statute which provides for a determination by this court on an agreed statement of facts furnishes a convenient method whereby litigants, without the necessity of presenting evidence before a trial court, may obtain from this court a final resolution of their differences. The statutory procedure is not available, however, unless the parties have unequivocally agreed to all the facts prerequisite to a determination of the controversy. *Reynolds* v. *New York Life Ins. Co.*, 68 R. I. 211. It is inappropriate in a case like this where an adjudication of the dispute between the parties necessarily requires a resolution of how the admittedly ambiguous contract should be construed. That is a question which, in absence of an agreement by the parties as to what they intended, can only be resolved by an evidentiary hearing.

For the reasons indicated, it was error to certify this case under §9-24-25.

The papers in the case, with our decision certified thereon, are ordered sent back to the superior court for further proceedings.

*Dick & Carty, Joseph E. Marran, Jr.*, for plaintiffs.

*Pontarelli & Berberian, Aram K. Berberian*, for defendants.